RICHARD H. SULTAN *v.* WESTERN UNION TELEGRAPH COMPANY.

[46 South., 827.]

TELEGRAPH COMPANY. *Failure to deliver message. Damages. Loss of option.*

Where plaintiff, having an option to buy bank stock, telegraphed for funds with which to purchase it, but the telegraph company, with full knowledge of the facts, negligently and unreasonably delayed delivering the answer supplying him funds until plaintiff had lost the option and could buy the stock only at an advance on the option price, the company is liable to plaintiff for the difference between the advanced and the option prices of the stock.

FROM the circuit court of Lafayette county.

HON. JAMES B. BOOTHE, Judge.

Sultan, appellant, was plaintiff in the court below, and the telegraph company, appellee, defendant there. From a judgment, predicated of a peremptory instruction, in defendant's favor the plaintiff appealed to the supreme court.

The opinion of the court states the facts.

*Kimmons & Kimmons,* for appellant.

It was manifestly error in the lower court to peremptorily instruct the jury to find for defendant. *Alexander* v. *Telegraph Co.,* 66 Miss., 161, 5 South., 397; 67 Miss., 386, 7 South., 280; *Telegraph Co.* v. *McLaurin,* 70 Miss., 26, 13 South., 36. And see 53 L. R. A., 92, and notes.

The telegraph company had prior notice of the damages which would accrue in case of failure to transmit and deliver the messages, because the appellant, on sending the first message, informed the operator as to the facts and that an answer was expected; and appellant's father, at Oxford, also told the operator there about the importance of the message he desired sent to appellant. And, in addition, later two messages were sent over

the company's wires, pleading for an answer; this certainly being an emphatic way of actually notifying the company of its negligence.

The declaration alleged that the negligence of the company was in willful disregard of appellant's rights, and the evidence tended to prove this. Accordingly appellee is liable for punitive damages, even though no actual damages should be proved. *Silver* v. *Kent,* 60 Miss., 129.

The learned judge below gave as his reason for the peremptory instruction the fact that no sale of the property took place as in the *Alexander case, supra.* It is difficult to see that this should have any bearing on the case at bar. It was also urged in the lower court that Sultan, the appellant, did not have an enforcible contract with the bank parties at Mangum. But this cannot affect appellant's right of recovery. *Alexander* v. *Telegraph Co.,* 67 Miss., 398, 5 South., 397.

*Harris & Willing,* for appellee.

In considering this case the following facts must be borne in mind. First, this was not an ordinary transaction in stock between appellant and the bank parties at Mangum; but was for the purpose of appellant's obtaining a controlling interest in the Bank of Mangum. It was not a proposed purchase for the purpose of resale at a profit, or of resale at all. Second, there was never any complete or binding agreement between appellant and the bank parties; but was instead a mere verbal negotiation; and whether the transaction was to be consummated was conditioned and dependent upon appellant's getting assistance from his father in Oxford. Third, the proposed purchase was to be in the interest of appellant and of his father and other relatives in Oxford. Appellant has failed to show any pecuniary loss whatever. The only thing he did lose, if anything, was an opportunity to acquire a controlling interest in a particular bank. This was a mere disappointment in choice of bank location. No proof was introduced even tending to show

that appellant was actually damaged by his failure to obtain a controlling interest in the bank of Mangum.

If a telegraph company negligently fails to transmit a message relating to a sale or purchase, the possible profit to be made is too remote and speculative to be recoverable when the contract is subject to be defeated by the will of another. Jones on Telegraph and Telephone Companies, § 526.

There was no complete contract between the appellant and the president of the bank of Mangum for the purchase of the $13,500 of stock. The appellant merely agreed to take the stock at the premium of $1.09 if his father would furnish the money necessary to complete the contract. The whole matter thus depended upon the will of appellant's father and associates in Oxford, and not upon appellant himself.

It is well settled that the loss of an opportunity to make a contract, resulting from failure of a telegraph company promptly to transmit and deliver a message, does not entitle a party to damages. *Johnson* v. *Telegraph Co.,* 79 Miss., 58, 29 South., 787.

Even if appellant's message, asking his father if he could depend upon getting from his father $8,500, had never been delivered, appellant could not have recovered the damages claimed in his declaration. And his case would not be helped even if the father had testified that if the message had been seasonably delivered he would have answered in the affirmative. All that appellant had, if he had anything, was an opportunity, a possibility, to obtain a controlling interest in a bank; the whole matter being incomplete and contingent in every essential particular. Appellant was not bound by anything; nor was the prospective seller bound. The contract might have never been completed. The appellant had parted with nothing, and he was under no legal obligation to part with anything, and he lost nothing for which he could hold the bank parties in Mangum, with whom he dealt, liable. See Thompson on Electricity, 391; *Western Union Tel. Co.* v. *Hall,* 124 U. S., 44, 31 L. Ed., 279;

*Richmond Mills* v. *Western Union Tel. Co.,* 51 S. E., 290; citing *Bealty Lumber Co.* v. *Western Union Tel. Co.,* 52 W. Va., 410, 44 S. E., 309.

Compensatory damages cannot be recovered from a telegraph company for failure to send or deliver a mere proposal to sell, as they are contingent upon its acceptance. *Walker* v. *Western Union Tel. Co.,* 114 N. C., 440; *Merrill* v. *Western Union Tel. Co.,* 78 Me., 97; *Clay* v. *Telegraph Co.,* 81 Ga., 285; Thompson on Electricity 321; *Smith* v. *Telegraph Co.,* 83 Ky., 104;

If it be conceded that the telegraph company had notice of the importance of appellant's telegrams, yet, for the above alleged reason that the damages if any would be remote and speculative, the motion to exclude the evidence and direct a verdict for appellee was correct. Jones on Telegraph & Telephone Companies, § 530; *Wells* v. *National Life Ins. Co.,* 53 L. R. A., 94.

The case at bar differs from that of *Alexander* v. *Telegraph Co.,* 66 Miss., 161, 5 South., 397, because in the case cited it was proved that the lot offered to Alexander for $3,000 was worth, at the time Alexander wired his acceptance, $5,000 on the market; and in that case it was undisputed that if the telegram had been delivered in proper season Alexander would have secured the lot. In other words, in the case cited, there was a positive direction by Alexander to the agent of the holder of the land, to close the deal. The *Alexander case,* accordingly, went off on the ground that there was a positive direction to buy the property, and the purchase was defeated by the negligence of the telegraph company. Such is not the case at bar.

No rule is more firmly fixed in our state's jurisprudence than that damages sought to be recovered from a telegraph company, or other common carrier, arising from failure on its part to perform its contract of carriage, must be within the contemplation of the parties at the very time the contract is entered into, and must be such damages as necessarily or naturally flow from the breach of contract or duty. *V. & M. R. R. Co.* v. *Ragsdale,* 46 Miss., 458; *Western Union Tel. Co.* v. *Clifton,* 68 Miss., 307,

8 South., 746; *Jacobs* v. *Postal Tel. Co.*, 76 Miss., 278, 24
South., 535; *Johnson* v. *Western Union Tel. Co.*, 79 Miss., 58,
29 South., 787; *Western Union Tel. Co.* v. *Pallotta*, 81 Miss.,
261, 32 South., 310; *Western Union Tel. Co.* v. *Pearce*, 82
Miss., 487, 34 South., 152; *Telegraph Co.* v. *Spratley*, 84 Miss.,
86, 36 South., 186; *Hilley* v. *Telegraph Co.*, 85 Miss., 67, 37
South., 556.

CALHOON, J., delivered the opinion of the court.

In this case the court sustained a motion to exclude the plain-
tiff's testimony and instructed the jury peremptorily to find for
the telegraph company. The appellant had gone to Oklahoma to
embark in the banking business. He had with him $5,000, but
his father and other connections had agreed to join him in the
enterprise of establishing a bank. Appellant entered into an
agreement with the president of a bank in Mangum, Okl., to
purchase $13,500 of the stock of that bank—the total stock of
it being $25,000—at $109 a share of $100 each. Under the
agreement the appellant, by proper construction, was to have
reasonable time for telegraphic communication with his father
in Oxford, Miss. Accordingly he wired his father to know if he
could depend upon $8,500, and the operator who sent the dis-
patch was fully informed of the importance of early transmis-
sion and early answer to this message. There was flagrant neg-
ligence by the telegraph company in transmitting the answer
of the father, and so the appellant urged upon the operator to
obtain the answer, and himself wired again to his father, but,
receiving no answer, left on the train for Oxford, Miss., to see
his father personally. The answer by the father to the original
telegram was: "Yes, for any place you may select, $8,500 from
Oxford." When the appellant got back from Mangum, much
more than a reasonable time had elapsed, and he could not get
the stock certainly for less than $113 per share, and other con-
ditions were also attached to the sale.

Here we find a distinct agreement to sell for $109 per share

if the father approved, and the trade would have undoubtedly been made at that rate, but for the negligence of the telegraph company. Here was clearly a loss of the difference between $13,500 of the stock at $109 and $13,500 of the stock at $113 per share. We do not think that any case can be found which would deny recovery under this state of facts, and so we think the peremptory instruction was improper.

The case is reversed and remanded.

*Reversed.*